UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-36-RJC-DSC

| | |
|---|---|
| RASHONDA WHEELER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| BMW OF NORTH AMERICA LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's Objection to Order Granting Plaintiff's Motion to Compel (the "Objection") (Doc. No. 51) and response in opposition (Doc. No. 55). The Objection seeks to modify or set aside the Magistrate Judge's Order granting Plaintiff's motion to compel certain discovery (the "Magistrate Judge's Order") (Doc. No. 50). For the reasons stated herein the Objection is **DENIED** and the Magistrate Judge's Order is **ADOPTED**.

I.  BACKGROUND

Plaintiff filed this action in January 2020, alleging she purchased a vehicle with a N63 engine that burns too much oil (the "Vehicle"), from an authorized dealer of Defendant BMW of North America LLC, and that she was misled and deceived regarding the defective engine. Prior to filing this action, Plaintiff opted out of a class action settlement involving defects with the N63 engine, like the Vehicle, *Bang v. BMW of North America, LLC*, Case No. 2:15-cv-06945 (D.N.J.) (the "*Bang* Class Action"). Plaintiff's counsel also represents other plaintiff opt-outs of the *Bang* Class Action settlement, including, among others, those in *Schneider et al. v. BMW of North America, LLC*, No: 1:18-cv-12239-IT (D. Ma. Apr. 13, 2020) (the "Schneider Action"),

1

with similar claims as the current case. The Complaint brings claims for (1) Breach of Warranty Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301, et seq.; (2) Breach of Implied Warranty of Merchantability Pursuant to the Magnuson-Moss Federal Act, 15 U.S.C. §2301, et seq. and N.C. Gen. Stat. § 25-2-314; (3) Breach of Express Warranties, N.C. Gen. Stat. § 25-2-313; (4) Violation of the North Carolina Unfair Trade Practices Act, N.C. Gen. Stat. § 75-1.1, et seq.; and (5) Fraudulent Concealment. (Doc. No. 17). Defendant asserts, among other defenses, a statute of limitations defense, which Plaintiff argues should be tolled because the defect was concealed. (Doc. Nos. 17 & 34).

On November 4, 2021, Plaintiff filed the Motion to Compel (Doc. No. 45) which Defendant opposed (Doc. No. 46). The Motion to Compel seeks, as relevant to Defendant's Objection, production of four categories of documents that Plaintiff asserts are relevant to her claims:

1. Documents and material Defendant previously produced in the *Schneider* Action;

2. Certain documents Defendant previously produced in the *Bang* Class Action, including "The Technical Training Manual for N63 Engine (3/1/2011)" and "Individual Customer Warranty / Goodwill Records Data (re Oil Consumption)";

3. Emails between BMW and AGA Tools & Products, Inc. relating to development of valve stem seals repair tool; and

4. Emails relating to valve stem seals going bad in N63 engines. (Doc. No. 45).

The Magistrate Judge granted Plaintiff's Motion to Compel, for the reasons set forth in Plaintiff's briefing. (Doc. No. 50). Now Defendants object to the Magistrate Judge's Order and ask the Court to modify or set it aside, which Plaintiff opposes. (Doc. Nos. 51 & 55).

## II.  STANDARD OF REVIEW

The district court has authority to assign nondispositive pretrial matters pending before the Court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). When

2

Case 3:20-cv-00036-RJC-DSC   Document 57   Filed 02/01/22   Page 2 of 5

reviewing an objection to a magistrate judge's order on a nondispositive matter, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law. *Id.*; Fed. R. Civ. P. 72(a). "Under this standard, a finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gentry v. Maggie Valley Resort Management, LLC*, 2014 WL 12707371, at *1 (W.D.N.C. Apr. 4, 2014) (quoting *United States v. U.S. Nat'l Gypsum Co.*, 333 U.S. 364 (1948)). "Therefore, unless the result compelled by the Magistrate Judge's ruling is contrary to law or clearly erroneous, the Orders of the Magistrate Judge will be affirmed." *Stephens v. Wachovia Corp.*, No. 3:06-cv-246, 2008 WL 686214, at *3 (W.D.N.C. Mar. 7, 2008). "Courts have consistently found discovery motions to be nondispositive." *Federal Election Commission v. Christian Coalition*, 178 F.R.D. 456, 459 (E.D. Va. 1998); *Gupta v. Freddie Mac*, 823 Fed. App'x 225, 226 (4th Cir. 2020); *Mvuri v. American Airlines, Inc.*, 776 Fed. App'x 810, 810-11 (4th Cir. 2019) (dismissing appeal because plaintiff failed to object to magistrate judge's nondispositive order on motion to compel).

### III.   DISCUSSION

Pursuant to Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The rules of discovery are to be accorded broad and liberal construction. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 403 (4th Cir. 2003) ("Discovery under the Federal Rules of Civil Procedure is broad in

3

scope and freely permitted."). When a party fails to produce requested information, the requesting party may move for an order compelling discovery pursuant to Rule 37 of the Federal Rule of Civil Procedure. Fed. R. Civ. P. 37(a)(1). "[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." *MC1 Healthcare LLC v. Mountainside Solutions, Inc.*, No. 1:18-CV-00315-MR, 2021 WL 1846583, at *2 (W.D.N.C. Apr. 21, 2021) (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010)). Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. *See Lone Star Steakhouse and Saloon, Inc. v. Alpha Va., Inc.*, 43 F.3d 922, 929 (4th Cir.1995).

Defendant argues the materials Plaintiff discovery requests are not responsive or not relevant, exceed the scope of discovery, are overbroad, and/or are disproportionate to the needs of this single-plaintiff case. On the other hand, Plaintiff argues the materials requested are relevant to her statute of limitations defense and to her case-in-chief to demonstrate the Defendant's state of mind regarding the defect in valve stem seals. Moreover, for the majority of the materials requested, Plaintiff argues there is little burden to Defendant since the materials have already been produced in other, similar cases, but are otherwise protected by protective orders.

Here, under Rule 26, Plaintiff may seek discovery that is relevant to her claims and defense and proportional to the needs of this case. In granting the Motion to Compel, the Magistrate Judge, with broad discretion to consider discovery disputes, concluded Plaintiff's requests did not exceed the scope of discovery and were proportional. After fully reviewing the record, the parties' arguments, and the Magistrate Judge's Order, the Court also finds Plaintiff's arguments persuasive. Defendant's Objection largely makes, and relies on, the same arguments already presented to and rejected by the Magistrate Judge rather than sufficiently presenting to

4

the Court the reasons that the Magistrate Judge's Order is clearly erroneous or contrary to law. Thus, the Court concludes the Magistrate Judge's Order is consistent with the law and not clearly erroneous and the Objection is denied.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Objection to Order Granting Plaintiff's Motion to Compel (Doc. No. 51) is **DENIED**;

2. The Magistrate Judge's Order (Doc. No. 50) is **ADOPTED**; and

3. Plaintiff's Motion to Compel is **GRANTED** pursuant to the terms set forth in the Magistrate Judge's Order (Doc. No. 50).

Robert J. Conrad, Jr.
United States District Judge

Signed: January 31, 2022